ROSA K. HIRJI, SBN 204722
rosa@rkhlawoffice.com
JENNY CHAU, SBN 274360
jenny@rkhlawoffice.com
BONNIE YATES, SBN 116743
bonnie@rkhlawoffice.com
**LAW OFFICES OF HIRJI & CHAU, LLP**
5173 Overland Avenue
Culver City, California 90230
Tel: (310) 391-0330 * Fax: (310) 943-0311

Attorneys for Plaintiff M.M. conserved adult, by and through her Conservator and Guardian ad Litem, YVONNE GOLUB

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| M.M., a conserved adult, by and through her Conservator and Guardian ad Litem, YVONNE GOLUB,<br><br>  Plaintiff,<br>v.<br><br>TORRANCE UNIFIED SCHOOL DISTRICT, a public entity, DOES 1-10,<br><br>  Defendants. | Case No.: 2:18-cv-08524 PA (RAOx)<br><br>**Stipulated Protective Order**<br><br>Judge:    Percy Anderson |

Plaintiffs M.M., a disabled adult, her guardian, YVONNE GOLUB, and Defendant TORRANCE UNIFIED SCHOOL DISTRICT, by and through their respective counsel of record, to facilitate the exchange and disclosure of information, and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate to and petition the Court to enter the following Stipulation and Protective Order.

**PROPOSED STIPULATED PROTECTIVE ORDER**
1

The Parties agree that a protective order that meets the requirements of a "qualified protective order," may be required for certain information and documents and agree to comply with the privacy requirements imposed by the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. Part 164), California Civil Code §§ 56 et seq., and the regulations promulgated under those laws. The Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below have the following meanings:

    a. "Proceeding" means this proceeding, *M.M. et. al. vs. Torrance Unified Schl. Dist. et. al.,* Case No.: 2:18-cv-08524 DDP (RAOx)

    b. "Confidential" means any information in the possession of a Designating Party who believes in good faith that the information is entitled to confidential treatment under applicable law.

    c. "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" under the provisions of this Stipulation and Protective Order.

    d. "Designating Party" means the Party that designates Documents, Information, or Testimony as "Confidential."

    e. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part of materials, or any information contained in materials.

    f. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, that have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of those items.

    g. "Information means the content of Documents or Testimony.

h. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2. The Designating Party has the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law, including but not limited to Protected Health Information, Education Records and Pupil Records. The term "Protected Health Information" has the same scope and definition as set forth in the regulations issued by the United States Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1301, et seq., and includes, without limitation, all patient identifying information, patient medical information, and the other categories set forth in 45 C.F.R. § 164.514(b)(2)(ii). The terms "Education Record" and "Pupil Record" are those documents protected by the Family Educational Rights and Privacy Act ("FERPA"), 34 C.F.R. § 99.1, and California Education Code § 49076 and § 65615.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced unless otherwise stipulated. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation

should not obscure or interfere with the legibility of the designated Information.

    a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing designated Confidential Material.

    b.    For Testimony given in depositions the Designating Party may either:

        i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii.    within 30 days following receipt of the deposition transcript, designate all or portions of the Testimony as containing Confidential Information by notifying the other party in writing of the specific pages and lines of the transcript containing Confidential Information. All depositions, regardless whether a designation of confidentiality was made on the record, will be treated as containing Confidential Information and subject to this Protective Order until (30) days after a transcript of the deposition is received. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions

of the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protective, the Designating Party, to the extent practicable, must identify the "Confidential" portions.

5. The inadvertent production by any party of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation will be without prejudice to any claim that the item is "Confidential" and the Party will not be held to have waived any rights by the inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without the designation, the Party that inadvertently produced the document must give written notice of the inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of the Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information must promptly destroy the inadvertently produced Document, Testimony, or Information and all copies of it, or, at the expense of the producing Party, return it together with all copies of the Document, Testimony, or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials [provided in the Inadvertent Production Notice that exactly replaces the materials that were inadvertently not designated as confidential]. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party must notify the producing Party in writing of the destruction within ten (10) days of receipt of written notice of the inadvertent production.

6. In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" objects to the designation with respect to any or all of designated items, objecting counsel

will advise counsel for the Designating Party, in writing, of the objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for the objections (the "Designation Objections"). Counsel for the Designating Party will have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate the Documents, Testimony, or Information and/or (b) file a motion with the Judge seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Judge, any and all existing designations on the Documents, Testimony, or Information at issue in the Designation Motion will remain in place. The Designating Party has the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then the Documents, Testimony, or Information will be de-designated in accordance with the Designation Objection applicable to the material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" will be permitted only to the following persons:

    a. the Magistrate Judge and Judge assigned to the proceeding, including a proceeding resulting from a Motion for Preliminary Injunction;

    b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by the attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical, and secretarial staff employed by the counsel. Provided, however, that each non-lawyer given access to Confidential Materials will be advised that the Materials are being Disclosed under, and are subject to, the terms of this

Stipulation and Protective Order and that they may not be Disclosed in violation of its terms;

   c. those officers, directors, employees, and affiliates, including e- discovery vendors, of all non-designating Parties that counsel for the Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that before the Disclosure of Confidential Materials to any officer, director, employee, or affiliate, counsel for the Party making the Disclosure will deliver a copy of this Stipulation and Protective Order to the person, explain that such person is bound to follow the terms of the Order, and secure the signature of the person on a statement in the form attached as Exhibit A;

   d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

   e. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Materials;

   f. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that before the Disclosure of Confidential Materials to any expert or expert consultant, counsel for the Party making the Disclosure must deliver a copy of this Stipulation and Protective Order to the person, explain its terms to the person, and secure the signature of the person on a statement in the form attached as Exhibit A. It will be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any expert or expert consultant, to promptly notify counsel for the Designating Party of the breach or threatened breach;

    g. those people identified in 34 C.F.R. § 99.31; and

    h. any other person that the Designating Party agrees to in writing.

 8. Confidential Materials may be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

 9. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

 10. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order will not:

    a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, personal or Protected Health information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

      i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

      ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

 11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for

signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy and filing it with the Court, and serving copies of the signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding in response to subpoena or otherwise may be designated by the non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any designation by a non-Party will have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties. Any such designation will also function as a consent by the producing Party to the authority of the Arbitrator in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to the designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena will promptly (but not later than 5 days before production is required) give notice of the Subpoena by electronic mail transmission, followed by either express mail or overnight delivery, to counsel of record for the Designating Party, and will furnish counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of the Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any

Documents, Testimony, or Information in response to the Subpoena before the date specified for production on the Subpoena.

14. Nothing in this Stipulation and Protective Order may be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties will meet and confer to agree upon the terms of any additional protection.

15. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure will bring all pertinent facts relating to the Disclosure of the Confidential Materials to the immediate attention of the Designating Party.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party will advise that the designation no longer applies.

17. The Parties will meet and confer regarding the procedures for use of Confidential Materials at trial and will move the Court for entry of an appropriate order.

18. Nothing in this Stipulation and Protective Order affects the admissibility into evidence of Confidential Materials or abridges the rights of any person to seek appropriate action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

19. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in

Court, such filing must comply with Local Rule 79-5.2 and in no case may any document be filed under seal without first obtaining approval of the Court.

20. This Stipulation and Protective Order will continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.

21. The District's retention and destruction of Confidential Materials shall be governed by 5 C.C.R. §§ 430-438. The Student's retention and destruction of Confidential Materials shall be governed by the privacy and confidential laws of California and of the United States of America with regard to information pertaining to anything other than Student. The Parties recognize the retention and destruction by Student of her own personally identifiable information is at her discretion.

22. After this Stipulation and Protective Order has been signed by counsel for all Parties, it will be presented to the Court for entry. Counsel agree to be bound by the terms of this Stipulation and Protective Order with regard to any Confidential Materials that have been or will be produced before the Arbitrator signs this Stipulation and Protective Order.

23. The Parties and all signatories to the Certification attached as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until the Court enters a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under these terms.

This Stipulation and Protective Order may be executed in counterparts.

Scanned and faxed signatures have the same force and effect as originals.

Dated: December 17, 2018   LAW OFFICES OF HIRJI & CHAU, LLP

//s//

_____

Rosa Hirji, Esq.
Attorney for Plaintiffs

Dated: December 16, 2018

*Geoffrey R. Winterowd (signature)*
_____

Geoffrey R. Winterowd, Esq.
Attorney for Defendants

### ORDER

**GOOD CAUSE APPEARING**, the Court approves and enters this Stipulation and Protective Order.   Please see the change made to paragraph 20 by the Court.
**IT IS SO ORDERED.**

Dated: December 20, 2018

_____
Hon. Judge Percy Anderson

PROPOSED STIPULATED PROTECTIVE ORDER

12